We have an appeal here and our appeal is just solely based on if we, if you vacate or reverse on our merits appeal, as a statutory matter, they will no longer be a prevailing party. That's a legal issue you reviewed, DeNovo, and it would, and the judge, the fee portion should be reversed. I know it's unusual, but I'd like... The argument is that 285 is the only basis that the fee was awarded on. They only sought it, actually, in district court. Well, then isn't the other side arguing in their brief that we ought to open that up and look at inherent authority and also other statutory authority? They do argue that, and there are at least three reasons why you should reject that here, Judge Clevenger. One, they didn't make this argument below, so they sought fees only under, they sought these fees only under Section 285, and it's not an alternative ground for a permit to argue something... The expert fees sought under the other statute. The expert fees were, Your Honor, but that actually just kind of proves my point, which is they knew there were these other sources of authority, yet they didn't seek it, and it's a, so that's the first reason. You can't... Those fees are not in dispute. Which... The expert fees under the other statute. Expert fees were not... That's part of their appeal, I believe, Your Honor. The judge rejected their expert fees. But, so there's a second reason you, so there's no alternative basis to affirm because they didn't make it below. Two, that they couldn't, you can't, you couldn't affirm even if they had because the judge didn't make the necessary findings. The inherent authority in Section 1927 required bad faith. The judge made no findings of bad faith. And three, because the record wouldn't support findings of bad faith. The disqualification order was entered under an objective test. The only evidence in that hearing was from, on this issue was declarations from both Mr. Bass and the CEO of Balsam, saying they had no intent to cause Judge Orrick's recusal, nor did they anticipate that it would happen. Judge Alsup offered UCP a chance to have an evidentiary hearing on that point, and they declined, suggesting that intent wasn't necessary. And Judge Alsup granted, declined to apply a subjective test, applied an objective test, and granted their disqualification motion, and we went back to Judge Orrick. So, but, but, there, so there is no basis on this record to affirm, to, to have granted these fees under Section 1927 or inherent authority. Can I ask you this question? I realize this is kind of anticipating, this is your response to their appeal, but that's, you set up a 10-5, so we kind of have no... Right, or I'm happy to sit down and let her go first. It's unusual. But, but, I just, I guess I wanted to ask you this. As I read Judge Orrick's opinion, it was not completely clear to me whether he was saying, as to the work done in the front gate litigation, that he thought he was legally precluded from considering that work as part of a 285 award in this case, or whether he was saying, in addition to that, or, anyway, independently from that, look, I don't, in the end, think that the arguments, you, Balsam, though you have lost, were kind of beyond the pale, shorthand. They were not exceptionally weak. But I wasn't, if I had doubts about whether a legal principle was, would be correct if it said, you can never look to the earlier litigation if you weren't a party, which is what's, a bit what he suggests. Do I have the independent basis to say, even if I, even if I joined Judge Orrick in disagreeing with you on the merits, the arguments just didn't, don't meet the exceptional case standard? So I, I don't think, I think Judge Orrick understood that he could potentially award fees in another case. He distinguished the cases in which this court has done that. And on page 4058, he concludes, UCP provides no basis on the facts of this case to support an award under Section 285 for fees incurred in Frontgate, which concluded before this case was filed and where UCP was not a party. So I take it to be a fact-specific holding in the end. And in any event, to award fees in that other case, you would have to first conclude that this case was exceptional beyond the recusal event, which he didn't do, so sort of. I'll cede the podium and wait and reply to her appeal, thank you. Your Honors, UCP cross-appealed the fees award on the grounds that the judge didn't make a specific factual finding about the litigation conduct. The court's order says that there was no, well, on the merits of the litigation positions. So on the merits prong of the fees analysis, the court says, Balsam's litigation positions aren't weak because, one, they weren't required to roll over and play dead, and two, because they relied on an expert with a solid CV. And our position is that in terms of doing a fees analysis, the court needed to make something on the record about his conclusions about why their litigation position wasn't substantially weak. Our position was that it was. In addition to the recusal cause in conduct. Is it enough if in all of our work on and deliberations about the case you just finished arguing, whatever we conclude, let's suppose we, by assumption here, to continue the assumption of your being prevailing, that that one is affirmed. Can we take into account our own, let's call it, struggles with a series of four or five issues ultimately? And if we think, yeah, you're right, but really it was, there was a lot to debate here. Don't we then automatically say, of course, there's no abuse of discretion in saying that there is, that this is not an exceptional case? I don't think so, Your Honor. Do you think the district court has to run through all of that? I think so. I think that the district court is the finder of fact. And this was an issue in a justicam, I believe, where one court wanted to rely on fact-finding that was done by his predecessor. This court had remanded the case back for fact-finding, and the second judge didn't do the fact-finding. I think that that is the role of the district court. The district court needed to give us some fact-finding on the merits prong, and there wasn't any. Supposing we take the opposite tack in the first case and reverse the district court, does your argument here go away? Some of it does. On the merits piece, I think that it would be very difficult for us to argue. Yes, it would. Right? On the merits piece, I think the litigation... Any 285 basis is gone. Yes. Right. But I think on the... So why would we resuscitate other bases when you hadn't even argued them below? Well, we did argue below. Did you argue 1927 below? We argued it for expert fees. And we did. We did. And we raised it for expert fees. And I think what the case law says is that if Section 285, because of how it's framed and you can only be a prevailing party, then if that's not sufficient to reach bad conduct, then the court should use its inherent authority or another section that would reach it. Only if it finds it. If it finds it. And this court did. He talked about the judicial recusing conduct as tantamount to bad faith. And Judge Alsup, who heard the recusal... Didn't you get fees for that episode? Yes, for that specific episode. Right. And so what I'm saying is, if the whole basis of the attorney's fee award were reversed by this court, and I hope that doesn't happen, and it was sent back, the fact that we couldn't get the other fees that we're asking for as a non-prevailing party, if those fees are tied to this conduct, and I think the district court erred in not looking at the other conduct and the totality of what happened here, then we could recover those fees, even outside of Section 285. And then I wanted to... Judge Toronto asked a question about the district court's view of the prior Frontgate case. It is clear. How do you read Judge Oreck's opinion? It's clear in Judge Oreck's opinion that he says UCP was not a party to the Frontgate case, and was therefore can't be a prevailing party in the Frontgate case. He spends a section of his... You challenge that? Yes, I do challenge that. And so... It was a party, even though it wasn't a party. So the issue is, is that UCP is a prevailing party in this case, in the DJ case. And so the question isn't whether or not it's a prevailing party, it is. The question is, as the prevailing party, what is the scope of the fees that it's entitled to? And our position was that this court's case law says that you're entitled to all fees that are related to the case, or that... In our case, we did all of the claims construction in the Frontgate case. And as a result, we were to summary judgment within seven weeks in the DJ case. And so those fees were paid by UCP, and they substantially aided and facilitated the DJ action. So if we're a prevailing party, and we're entitled to the fees that got us there, those fall within that definition. You prevailed because Frontgate settled, and was happy with its settlement. No, UCP prevailed in the DJ action, because we proved... But you're seeking the fees incurred leading to the Frontgate settlement. Because the... We're not seeking Frontgate's fees. Frontgate settled, Frontgate waived its fees. Frontgate paid its own fees in relation to some other claims in the case. It's undisputed that on the infringement matters, UCP paid the fees. You had an indemnity agreement. Right. And the indemnity agreement no longer was in effect once Frontgate settled. Isn't that correct? That's correct. So to that extent, you prevailed because of the settlement. You no longer had to indemnify. Well, we were no longer indemnifying, but prevailing in this litigation, we prevailed in the DJ action on the claims and dispute of non-infringement, because we filed a DJ and filed a no evidence summary judgment motion, and Balsam couldn't prove that our tree infringed the patents. They came forward with no evidence. So we prevailed in the DJ action. When we prevailed in the DJ action, we asked for our fees. And our reading of this court's case law and the statute is those fees should include the money that we spent to get the Markman order that allowed us to prevail on summary judgment. Any other questions from the court? No. The district court acted well within its discretion in denying the fees that they seek here. Every bit of that inquiry is an abusive discretion standard, and it was very familiar both with this litigation and the Frontgate case, and it concluded that although Balsam did not beyond the pale or outside the ordinary course, that it found this case to be exceptional within the limited exception of the recusal event. And this court should affirm that conclusion. I'm happy to answer any questions. We've gone far enough. Thank you, Your Honor. Narrowly set a record. Certainly, you did one in a case where I was presiding. Thank you.